HANS HALVERSON *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

May 15, 1884.

**Railway—Fencing—Wire Fence.**—A wire fence constructed in accordance with the provisions of Gen. St. 1878, *c.* 18, § 2, would be a compliance with Gen. St. 1878, *c.* 34, § 54, requiring railroad companies to fence their roads.

**Same—Negligence—Proximate Cause.**—Whenever the building of a fence would have prevented an accident to domestic animals, then the negligence of the railroad company in not fencing its road is the cause of the injury, and the company would be liable, regardless of the species of the animals.

**Same—Question for Jury.**—In the case of sheep or swine this would be a question of fact, depending on the size of the animals.

Plaintiff brought this action in justice court in Waseca county, for the killing of a hog by one of defendant's trains, at a point where defendant had failed to fence its right of way. Plaintiff recovered judgment, and the defendant appealed, on questions of law alone, to the district court, where the appeal was heard by *Buckham,* J., and the judgment of the justice affirmed. Defendant appeals from the judgment of the district court.

*Collester Bros.,* for appellant, argued that the evidence showed the hog was nine months old and about 15 inches high, and that the company was not required to fence against so small an animal, which could go through or under a "lawful fence." Shearman & Redf. on Negligence, § 320; 1 Thompson on Negligence, 523; *Fitzgerald* v. *St. Paul, M. & M. Ry. Co.,* 29 Minn. 336; *Atchison, etc., R. Co.* v. *Yates,* 21 Kan. 613.

*John Carmody,* for respondent.

MITCHELL, J.[1] We are of opinion that a wire fence constructed in accordance with the provisions of Gen. St. 1878, *c.* 18, § 2, would be a compliance with Gen. St. 1878, *c.* 34, § 54, requiring railroad companies to fence their roads. This was held *arguendo* in *Fitzgerald* v.

---

[1] Dickinson, J., because of illness, took no part in this decision.

*St. P., M. & M. Ry. Co.*, 29 Minn. 336. The statute expressly provides that such a fence shall be sufficient and a compliance with the law, "in all cases where any law of this state requires to be erected or maintained any fence or fences for any purpose whatever." Gen. St. 1878, *c.* 34, § 55, provides that railroad companies "shall be liable for domestic animals killed or injured by the negligence of such companies; and a failure to build fences   *   *   *   shall be deemed an act of negligence." No distinction is here made between different kinds of domestic animals. Whenever the building and maintaining of a fence would have prevented the accident, then the negligence of the company in not fencing its road is the cause of the injury, and it is liable, under the statute, regardless of the species of the domestic animal killed or injured.

In the case of certain animals, such as horses, it would be clear, as a matter of law, that a fence would "turn" them; in the case of others, like sheep or swine, this would be a question of fact depending on the size of the animals. In this case, the animal killed (a hog) was of a species that might be turned by a lawful fence, and the evidence as to the size of the animal does not so clearly or conclusively show that it would not that we can say that the trial justice erred in finding that the negligence of the company in failing to fence was the cause of the injury.

Judgment affirmed.

NOTE. *Joseph Wessbecher* v. *Minneapolis & St. Louis Railway Company.*

Appeal by defendant from an order of the district court for Carver county, *Macdonald*, J., presiding, refusing a new trial.

*H. J. Peck*, for appellant.

*E. Southworth*, for respondent.

MITCHELL, J. The case follows *Halverson* v. *Minn. & St. Louis Ry. Co., supra.* Order affirmed.