CASPER SCHIMMELE *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

November 4, 1885.

Railway—Failure to Fence—Double Costs on Appeal from Justice's Court.—In cases arising under Gen. St. 1878, c. 34, § 56, double costs may be allowed in the district court on appeal from justice's court, in addition to the extra allowance made by the justice.

Constitution—Double Costs against Railway Companies.—The validity of the provision allowing double costs in such cases sustained; following *Johnson* v. *Chicago, etc., Ry. Co.*, 29 Minn. 425.

Evidence *held* sufficient to support the judgment.

Appeal by defendant from a judgment of the district court for Blue Earth county, where the action was tried before *Severance*, J.

*Cameron, Losey & Bunn*, for appellant.

*William N. Plymat*, for respondent.

VANDERBURGH, J. The plaintiff recovered in justice's court the value of two hogs killed by defendant's cars, through its alleged negligence in failing to fence its road.

1. The issue of fact before the court was whether, having reference to the size of the animals, they would have been restrained by a lawful fence.    Upon this question, without referring to the testimony in detail, it is sufficient to say that there is evidence to sustain the finding and judgment of the justice.    In other words, there was evidence tending to show that the animals might have been turned by a legal fence, had one existed.    *Halverson* v. *Minn. & St. L. Ry. Co.*, 32 Minn. 88.

2. The justice allowed and taxed $10 costs in plaintiff's favor, as provided by statute in such cases.    Gen. St. 1878, *c.* 34, § 56.    And, on appeal to the district court, the judgment was affirmed, with double costs in that court.    We think it was the intention of the legislature to allow double costs in cases coming into the district court by appeal, as well as in cases originally brought there, and the costs as taxed in both courts were properly allowed.

3. The constitutional validity of the statute in question is also assailed by the appellant.    But we find no ground for changing the conclusion arrived at in *Johnson* v. *Chicago, etc., Ry. Co.*, 29 Minn. 425, that the question was one of legislative policy, and that there was no constitutional objection to the exercise of such discretion by the legislature in the particular class of cases to which the statute is made applicable, whether the provision be considered as a reasonable measure of compensation for their expenses to plaintiffs recovering their just claims in such cases, or as an additional restraint upon the negligent management or omissions which occasion the losses out of which such litigation arises.

Judgment affirmed.