## JOE RISKIN v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 19, 1914.

Nos. 18,617—(164).

**Carrier — act constitutional.**

1. G. S. 1913, § 4314, et seq., imposing upon a common carrier a penalty of $25 for the failure to settle and adjust within 60 days a claim against it, and imposing a like penalty upon a person presenting a fraudulent claim, *held* not unconstitutional either as class legislation, as depriving carriers of their property without due process of law or as depriving the parties affected the equal protection of the law.

**No reversible error.**

2. The record presents no reversible error.

Action in the municipal court of Duluth to recover $36.17 for conversion of personal property delivered to defendant at Cohasset, Minnesota, for shipment to Duluth and for $25 penalty under Laws 1911, p. 426, c. 306. The case was tried before Windom, J., who denied plaintiff's and defendant's motions for a directed verdict, and a jury which returned a verdict for $61.17 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the ver-

[1] Reported in 147 N. W. 960.

Note.—As to the constitutionality of a statute imposing penalty or added liability upon carrier for failure to pay claim, see note in 42 L.R.A.(N.S.) 106. And on the question of state statutes imposing penalty on carrier for failure to settle claims as interference with interstate commerce, see note in 15 L.R.A.(N.S.) 983.

dict or for a new trial, defendant appealed to the district court for St. Louis county, where the appeal was heard and the order of the municipal court affirmed, Ensign, Cant and Fesler, JJ. From the order of affirmance, defendant appealed to this court. Affirmed.

*Baldwin, Baldwin & Holmes,* for appellant.

*McCoy & Hansen,* for respondent.

BROWN, C. J.

This action was brought in the municipal court of Duluth to re-cover for the loss of certain personal property, shipped by plaintiff over defendant's road from Cohasset to Duluth, and also the penalty given by section 4316, G. S. 1913, for the failure of defendant to make settlement for the claim within 60 days after demand. Plain-tiff had judgment in the municipal court for the value of the lost property, and also for the penalty of $25, together with the costs of the action. Defendant appealed to the district court from an order denying its motion for judgment or a new trial, where that order was affirmed. Defendant appealed.

The principal question presented by the assignments of error is whether the statute imposing a penalty upon common carriers for their failure to settle and adjust claims of this kind within the time therein prescribed is valid legislation. All other questions raised and discussed are not of serious importance and present no ground for reversal. It appears that plaintiff was the owner of the property in question, of the value of about $35, and that the same was shipped over defendant's road from Cohasset to Duluth. The property was consigned to one J. Possum, and that person was named as consignee in the bill of lading. It also appears, at least the record tends to show, that Possum was an acquaintance of plaintiff, engaged in similar business, and that plaintiff made use of a Possum shipping tag for this consignment, not having one of his own. The bill of lading was not negotiable, was retained by plaintiff and was pre-sented to defendant when he demanded the property. What became of the property does not appear. That plaintiff was entitled to the property, being the owner thereof and having possession of the ship-

ping bill, seems clear. Ratzer v. Burlington, C. R. & N. Ry. Co. 64 Minn. 245, 66 N. W. 988, 58 Am. St. 530; Ryan v. Great Northern Ry. Co. 90 Minn. 12, 95 N. W. 758; Barnum Grain Co. v. Great Northern Ry. Co. 102 Minn. 147, 112 N. W. 1030, 1049; 5 Am. & Eng. Enc. (2d ed.) 196; 6 Cyc. 471. We come then to the principal question in the case.

It appears from the record that plaintiff made claim for the loss of the goods, and that defendant failed to adjust and settle the same within 60 days or at all. For this failure plaintiff claimed in his complaint the penalty prescribed by the statute cited, and the same was allowed by the court and included in the judgment. The contention of the defendant on this appeal is that the statute is unconstitutional and void, on the ground that it is arbitrary and class legislation and operates to take from defendant its property without due process of law, and denies to defendant the equal protection of the law. The contention is not sustained. Legislation of this same general character has often been sustained and constitutional objections here raised overruled. 1 Dunnell, Minn. Dig. § 1675. Common carriers have frequently been classified for the purposes of specific legislation, and the classification sustained where all of that class are affected alike. Cameron v. Chicago, M. & St. P. Ry. Co. 63 Minn. 384, 65 N. W. 652, 31 L.R.A. 553; 4 Notes on Minnesota Reports, 32. The statute in question imposes upon all common carriers the same penalty and protects them from fictitious demands, by providing that the penalty imposed shall not be recovered unless the plaintiff substantiates the full amount of his claim; and to render the statute of equal application a like penalty is imposed upon a claimant who presents and brings suit upon a fraudulent claim. We are clear, within the authorities, that there is no valid constitutional objection to the statute. A similar statute was upheld by the Supreme Court of the United States in Seaboard Air Line Ry. Co. v. Seegers, 207 U. S. 73, 28 Sup. Ct. 28, 52 L. ed. 108. The statute there involved, like the one at bar, applied to both intrastate and interstate shipments. The question of the good faith of the carrier in refusing settlement is not important in the determination of the

validity of the law. The time given in which to settle and adjust the claim was deemed by the legislature ample within which the carrier could determine the question of liability, and the absence of a provision excepting from the operation of the statute a good-faith refusal is not fatal to its validity.

Order affirmed.