COUNTY OF RAMSEY *vs.* WASHINGTON M. STEES.

October 4, 1881.

Award for Damages in this Case held to be Void—District Court no Jurisdiction to Try the Same.—An act of March 6, 1878, provided for laying out a road 60 feet wide to Lake Phalen and an avenue 100 feet wide around that lake. It appointed commissioners to lay out the road and avenue, and to appraise the damages to lands from laying out the road and avenue. It gave any owner of such land a right to appeal from the award of the commissioners to the district court, and provided that the damages should be paid by the county of Ramsey. The commissioners in their report state that they have taken for the avenue 42 acres of lot 6, section 21, township 29, range 22, and they assess the damages for taking that quantity. An avenue 100 feet wide across that lot on the line as laid out would take but little over five acres of the lot. Stees, the owner, appealed to the district court, where the amount of damages allowed was largely increased by the verdict of the jury, and a judgment was entered on the verdict. *Held*, that the taking of the 42 acres, and the award of damages for taking it, were unauthorized by the act, and were void; that no appeal could be taken from the award that would give the district court jurisdiction to review the award and determine how much should be allowed for the unauthorized taking, and, an appeal having been taken, that court ought to have dismissed it.

Respondent, Washington M. Stees, appealed to the district court for Ramsey county from an award of compensation for land taken, by commissioners appointed to lay out an avenue around Lake Phalen, under Sp. Laws 1878, c. 150. The issue was tried by *Wilkin,* J., and a jury, and respondent had a verdict increasing the award from $72 to $2,600, on which judgment was entered, and the county appealed. A former appeal, from an order refusing a new trial, is reported, 27 Minn. 14.

*J. J. Egan,* for appellant.

*Bigelow, Flandrau & Clark,* for respondent, argued that the only question which could be raised in the district court related to damages, citing *Turner* v. *Holleran,* 11 Minn. 168 (253;) *Schermeely* v. *Stillwater & St. Paul R. Co.,* 16 Minn. 506; *Lehmicke* v. *St. Paul, S. & T. F. R. Co.,* 19 Minn. 464; *St. Paul & S. C. R. Co.* v. *Murphy,* Id. 500; *Rippe* v. *Chicago, D. & M. R. Co.,* 20 Minn. 187; *Trogden* v. *Winona & St. Peter R. Co.,* 22 Minn. 198.

GILFILLAN, C, J.*    On March 6, 1878, the legislature passed "An act to authorize the location of an avenue around Lake Phalen." (Sp. Laws, 1878, *c.* 150)    Section 1 designated three commissioners to locate and survey a road 60 feet wide, from the St. Paul and Lake Phalen and White Bear Lake road to the shore of Lake Phalen, and from that point to locate and survey a road or avenue 100 feet wide around the lake.    Sections 4 and 5 made it their duty to cause a plat of the road to be made and filed on or before July 1, 1878, in the office of the auditor of the county of Ramsey; to appraise the damages to the owners of any lands through which said road and avenue might be established, and file the appraisal in the office of said auditor, on or before July 1, 1878.    Section 6 gave to any of such owners the right of appeal to the district court, Ramsey county, at any time within 20 days after July 1, 1878.    Section 7 provided that the appeal should be taken by serving notice thereof on the county auditor and county attorney of the county, and filing a copy of such notice, with proof of service, with a description of the property taken, and the amount of the commissioners' award, together with appellant's grounds of appeal, and that thereafter proceedings shall be had as in actions originally commenced in the district court.    Section 8 provides that the damages shall be paid by the county of Ramsey.

The commissioners, in their report (filed) of the appraisal made by them, state the taking by them of 42 acres in lot 6, section 21, township 29, range 22, which lot was the property of respondent, Stees, and state the damages appraised by them for the taking of that

---

*Clark, J., having been of counsel, took no part in this case.

quantity, as well as the benefits conferred by locating the road. From that appraisal Stees appealed to the district court. It is explained that the 42 acres is a mistake, and should be 22 acres. But it is immaterial which is right, for, if either 42 or 22 acres was taken, it was greatly in excess of what the commissioners had authority to take. The amount required for a road 100 feet wide across lot 6 was but little in excess of five acres. They had authority to take a strip 100 feet wide across that lot, and no more. If they took more, they acted without authority of law, and their proceeding, so far as affected that lot, was a nullity. Had they taken a strip 100 feet wide for the road, and made their assessment for that, and then attempted to take and appraise compensation for taking the residue, keeping the two assessments separate, so that the court could draw the line between what was authorized and what was not, the authorized act might be sustained and the other rejected. But that they did not do. It is argued that we ought to construe the report of the commissioners to mean that they took for public use only the strip 100 feet wide, and appraised the compensation for that, with the damage caused by locating the road to the remainder of the 42 or 22 acres not so taken. That is not what the report says they have done. It states they have taken the 42 acres, and everybody concerned in this litigation has so understood it. In his notice of appeal to the district court, Stees states that the 42 acres were taken. That they were, or that 22 acres were taken, was the theory on which both sides tried the case in the district court. The district court so understood the report. It cannot be understood in any other way. The entire proceeding, so far as concerns the lands in lot 6, was a nullity. As the commissioners had no authority to take the 42 or the 22 acres in that lot, they had no authority to assess the damages for taking it. In the award, as well as the taking, they acted without jurisdiction. The act did not authorize them to try and determine what damages should be paid for that taking; and an appeal from the award could not give the district court jurisdiction to try and determine that question. The act did not intend that either the commissioners or the court should try it. It contemplated an appeal and retrial, in the court, of only

such matters as it authorized the commissioners to try and determine in the first instance. Had the commissioners assumed, under the act, to take lands for a public park, or for an avenue around Lake Como, or for an avenue 300 feet wide around Lake Phalen, and to assess the damages for the lands so taken, an appeal from their award of such damages surely could not give the district court jurisdiction to reassess the damages for such unauthorized taking.

It is claimed by the respondent here that the appeal took to the district court only the question of the correctness of the award in respect to amount, and that the district court could determine no other question, and decisions of this court supposed to sustain that position are cited. It may, for the purposes of this case, be conceded that those decisions go to the extent of holding that, upon an appeal in a condemnation case, no question of regularity in the proceedings anterior to the award can be made in the district court, and that those decisions might exclude such question in this case. Still, they have no bearing on the point here involved; for, the jurisdiction of the court being special and such only as the act gives, the act, and the question whether the appeal is one which the act authorizes, can in no case be excluded from the consideration of the court. Every court may always, in the first instance, decide upon its own jurisdiction of any cause or proceeding before it. In these proceedings, the district court gets jurisdiction only by an appeal such as the statute allows; and if the question were there presented whether the statute gave an appeal from the decision of the commissioners sought to be removed by the appeal, the court would have to decide it. To sustain the jurisdiction, the appeal must be valid, not merely in form, but in substance; it must bring to the district court a matter which the statute intends may be removed by appeal and reheard there. An appeal bringing to that court any other matter could not give the court jurisdiction to rehear such matters. This act—and it is probably the same with every act regulating condemnation proceedings—did not intend to give an appeal and a retrial in the district court upon any award which it did not authorize the commissioners to make. It was given to review an award made within their authority. An award for tak-

ing 42 or 22 acres in lot 6, was not within their authority, and no appeal from such an award was contemplated or authorized by the act. The appeal brought nothing to the district court which that court could try. Its judgment was therefore void.

Judgment reversed.