### WILLIAM PFAENDER v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

May 16, 1902.[2]

Nos. 12,928—(78).

### Recovery of Land from Railroad—Attorney's Fee.

Cameron v. Chicago, M. & St. P. Ry. Co., 63 Minn. 384, 392, as to the validity of G. S. 1894, § 2661, providing for reasonable attorney's fees in actions mentioned in that statute, followed and applied.

### Evidence Excluded.

Certain evidence offered by the defendant on the trial of the action considered and *held* properly excluded by the trial court.

[1] HERMANN LIEBER v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.

May 16, 1902.

Nos. 12,929—(73).

Appeal by defendant from a judgment of the district court for Brown county, entered pursuant to the findings and order of Webber, J. Affirmed. *Brown, Abbott & Somsen,* for appellant *Albert Pfaender* and *Campbell & Campbell,* for respondent.

PER CURIAM.

The facts in this case are substantially the same as those presented in the case of Pfaender v. Chicago & N. W. Ry. Co.

The decision there made is followed, and the judgment appealed from in this case is affirmed.

[2] Reported in 90 N. W. 393, 1133.

Action of ejectment in the district court for Brown county. The case was tried before Webber, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Albert Pfaender,* for respondent.

BROWN, J.

Action in ejectment. Plaintiff had judgment in the court below, and defendant appealed. The complaint alleges plaintiff's title and right of possession to the property; demands judgment therefor, and for damages for its detention by defendant. Defendant's answer alleges, generally, title in the Winona & St. Peter Railway Company, acquired long prior to the commencement of the action, to which this defendant has succeeded.

The facts are as follows: In 1872 the Winona & St. Peter Railway Company constructed its railroad over and across lot 6, block 28, in the city of New Ulm; and subsequently the right of way over the same, to the width of one hundred feet, was acquired by it in condemnation proceedings. As the road extends across the lot, which is one hundred sixty-five feet in length, there remains fifty feet on the north and fifteen feet on the south end thereof; and those portions are alone involved in this action.

The action was tried and submitted to the court below jointly with the case of Lieber v. Chicago & N. W. Ry. Co., involving practically the same questions. The printed record in this court is somewhat confused in respect to the description of the property involved in each action. From the paper book it appears that plaintiff owns lot 6, block 31, and in the Lieber case that the same lot is owned by the plaintiff in that action. However, referring to the original return, the correct description of the property is found; plaintiff in this action being the owner of lot 6, block 28, and the plaintiff in the Lieber case the owner of lot 6, block 31. It was conceded on the trial, in effect, that plaintiff was the owner of the property in question, unless his title had been devested by the acts and proceedings relied upon by defendant as constituting a superior title in the railway company. The stipulation covering this fact was made in the Lieber case, but was clearly understood

by the parties and the trial court to apply to both actions. This is evident from the record returned to this court. In the findings in each case the court expressly refers to the fact that the title of plaintiff was conceded by defendant, subject to the claim of title set forth in its answer. So the main question in the case is whether defendant ever acquired any title to the portions of the lots in controversy by the condemnation proceedings referred to, or by the adverse occupancy thereof.

To prove its alleged title, defendant offered in evidence a bond for a deed executed by numerous citizens of the city of New Ulm at about the time the railway company contemplated constructing its road into that city, and to induce the company to make that an objective point. The bond contained an agreement on the part of the obligors to convey to the company a strip of land one hundred sixty-five feet wide for its right of way, over and across certain designated blocks, in one of which the lots in question in these actions were located. But it contained no definite or certain description of the land to be conveyed; the description being, in general terms, for a strip one hundred sixty-five feet wide. Plaintiff in this action was one of the obligors. At the trial the bond was offered in evidence, but on objection by plaintiff the trial court excluded it. Subsequent to the execution of the bond the railway company petitioned the court, in proceedings under the statute, to condemn a right of way across the lots and blocks covered by the bond, and other lands, to the width of one hundred feet. Due proceedings were had therein, and resulted in confirming in the company a right of way to the width prayed for in the petition. Commissioners were appointed to assess damages, and they made report to the court, assessing the same for the entire lots, instead of for a right of way of one hundred feet wide. These proceedings were also offered in evidence, but were excluded on plaintiff's objection.

We discover no error in the ruling of the court on this subject. The bond, though signed and executed by plaintiff, if valid at all, created, at most, but an equitable title in the railway company; and, if the object of its introduction in evidence was to show title in the company to the land in question, it was properly excluded, because no equitable title was pleaded in the answer. Stuart v.

Lowry, 49 Minn. 91, 51 N. W. 662. The condemnation proceedings were also properly excluded for the reason that they conferred no right in the railway company to any part of the lots in controversy outside of the one hundred feet prayed for in the petition in that proceeding. It was not within the power of the commissioners appointed to assess damages to enlarge or extend the judgment of the court granting the right of way, in respect to its width or otherwise. The action of the commissioners, in so far as they may be said to have attempted to fix the limits of the company's right of way, was wholly void. County of Ramsey v. Stees, 28 Minn. 326, 9 N. W. 879. The court had granted a right of way one hundred feet wide. The commissioners were appointed to assess damages on that basis, and had no power or authority to go beyond the strict performance of that duty. So neither the bond executed by the citizens of New Ulm, including plaintiff, nor the condemnation proceedings, conferred upon defendant any legal title to the portions of the lots now in question.

Conceding that the company could have compelled plaintiff to convey a strip of land one hundred sixty-five feet wide, in accordance with the terms and provisions of the bond, no action or proceeding to effect that purpose has ever been commenced. The fact that the railway company, subsequent to its execution, petitioned for and acquired in the condemnation proceedings a right of way one hundred feet wide, tends to show a waiver on its part, or a relinquishment of its right or purpose to claim under the bond.

It is urged that this evidence was proper, in connection with the question whether defendant had acquired title to the land by adverse possession, as tending to define the limits of its possession. This might be true if there was any evidence in the case tending to show that the company took actual possession of those portions of the land here involved prior to the time complained of, namely, June, 1900. There is no such evidence in the case, nor was any offered for that purpose. On the contrary, the evidence fairly tends to show that it never assumed control over the same until June, 1900. The usual width of its right of way was one hundred feet, and the testimony is that such was its width across these lots. Had there been any evidence in the case tending to show

actual, open, notorious, and continuous possession of the entire lots, the bond and the condemnation proceedings would perhaps have been competent in connection with that evidence; but there was not, and the rule of law that possession of a part of a tract of land may be constructive possession of the entire tract is not applicable. The limits of defendant's actual possession must be taken to have been defined by it in the condemnation proceedings, and we are not at liberty to assume that it took more than it there applied for. It follows from this that defendant failed to show any title to the portions of the lots in question, and the court properly directed judgment for plaintiff.

In addition to ordering judgment for plaintiff, confirming his right to the possession of the land, and awarding him damages for the wrongful acts of defendant, the court allowed plaintiff, under G. S. 1894, § 2661, an attorney's fee of $10. Counsel for appellant insist that this was unauthorized, and for that reason the judgment appealed from should be reversed. The question as to the validity of this statute came before this court in Cameron v. Chicago, M. & St. P. Ry. Co., 63 Minn. 384, 392, 65 N. W. 652, and was very carefully and ably considered in an opinion written by Chief Justice START. The facts in that case are identical with those in the case at bar. The plaintiff there, as here, alleged title in plaintiff to the land in controversy; and defendant railroad company answered, alleging that the property was a part of its right of way, and belonged to the corporation. The court held, after a very full consideration of the subject, that the statute was constitutional, and applicable to such a case. We have, however, at the suggestion of counsel, re-examined the question, and reach the conclusion that the decision made in the Cameron case should not be disturbed. We deem it unnecessary, in view of the fullness of the opinion in that case, to enter into any discussion of the question, and follow the decision there made, without further remark. If, as intimated by counsel for defendant, plaintiff has acquired title to a number of lots situated as in this case, and brought, or intends to bring, separate actions for the purpose of obtaining several allowances of attorney's fees, the trial court will undoubt-

edly fix such allowances with that fact in view, and not permit an abuse of the statute.

No other questions need discussion, and the judgment appealed from is affirmed.

On May 26, 1902, the following opinion was filed:

PER CURIAM.

On petition for reargument counsel for appellant suggest that the question whether the description of the land agreed to be conveyed by the bond for deed was sufficiently definite and certain was not involved in the case, and that a determination thereof was unnecessary. Further examination of the record satisfies us that counsel are correct; and we add to what has already been said, that the parties may not be prejudiced by anything in the opinion on that subject, that we did not intend to hold that the description was, as a matter of law, so indefinite and uncertain as to render the bond incapable of enforcement, nor that it might not, when properly presented, constitute a bar to a recovery of the property in an action by one of the obligors.

Application for rehearing denied.