L. LAMB LUMBER COMPANY v. AUGUST BENSON and Others.[1]

November 6, 1903.

Nos. 13,646—(117).

**Foreclosure of Lien.**

In this, an action to foreclose a lien for lumber, it is *held* that the trial court did not err in the admission of evidence, and that its finding and decision to the effect that the last item of lumber was delivered within ninety days next before the filing of the lien statement, and that the plaintiff is entitled to judgment foreclosing its lien, with $25 attorney's fees, are sustained by the evidence.

Action in the district court for Ramsey county to foreclose a lien for material furnished to defendant Benson for the erection of a building upon land of defendant John Frank Skarda. The case was tried before O. B. Lewis, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant Skarda appealed. Affirmed.

*F. A. Hutson* and *O. J. Cook,* for appellant.

*Bishop H. Schriber,* for respondent.

START, C. J.

Action to foreclose a lien for lumber. The complaint alleged that on August 1 the defendant John Frank Skarda entered into a contract with defendant August Benson to build a barn for him on his land described in the complaint; that on August 9 the plaintiff made a contract with Benson to furnish the lumber for the barn; that it did so furnish and deliver such lumber, all of which was of the reasonable value of $115.57, no part of which has been paid; that the first item

[1] Reported in 97 N. W. 143.

thereof was furnished August 11 and the last on August 20, and a proper lien statement and affidavit duly filed November 18, 1902; and, further, that the sum of $25 is a reasonable allowance for plaintiff's attorney's fees in this action. The answer admitted that the plaintiff furnished certain lumber, which was used in the construction of the barn, but denied that the plaintiff so furnished the particular lumber alleged in the complaint, and alleged that all the lumber furnished by the plaintiff for the barn was delivered more than ninety days prior to the filing of any lien statement. The other allegations of the complaint were put in issue by the answer. The trial judge found as facts that the allegations of the complaint were true, and that the allegations of the answer were not true, and as a conclusion of law directed judgment for the plaintiff, establishing and foreclosing its lien, and allowing it $25 as attorney's fees. The defendant appealed from an order denying his motion for a new trial.

The first alleged error here urged is that the trial court erred in admitting in evidence certain exhibits offered by the plaintiff, because 'no proper foundation was laid therefor. These exhibits were in form receipted tickets for each load of lumber claimed to have been delivered, and contained the number of the order for the lumber, the date of delivery, a detailed statement of the kind, dimension, quality, and price thereof. There were five of these tickets. All of them (except No. 5, hereafter referred to) purported to be signed by the contractor or his foreman. The objection to the admission of the four tickets was that the signatures thereto were not proven. The record shows that on the trial there was no substantial dispute that the lumber represented by these tickets was not delivered as claimed. The lumber described in these tickets evidently was that certain lumber which the answer admitted that the plaintiff furnished, and which was used in the defendant's barn. Strict proof of the signatures to a part of the tickets was not made, but there was ample competent evidence to show that the lumber described in each of the four tickets was actually delivered upon the defendant's premises as claimed; hence it was not reversible error to admit the tickets in evidence.

The next alleged error to be considered is to the effect that the findings of fact made by the trial judge are not sustained by the evidence.

The burden was upon the plaintiff to show not only that the lumber was furnished for the barn, but also to show that the last item thereof was delivered within ninety days next before the filing of the lien statement. The evidence on the part of the plaintiff tended to show that the last item was delivered on August 20; that it consisted of the lumber described in ticket No. 5; and that, while the ticket was not signed by any one, the lumber therein described was on the day named actually delivered as claimed. The evidence on the part of the defendant directly tended to show that no lumber of any kind was delivered for the construction of the barn or otherwise later than August 19. If the defendant's date be accepted as the true one, the lien statement was filed too late, and the plaintiff has no cause of action. On the other hand, if the plaintiff's date be the correct one, the lien statement was duly filed. The evidence on this question was radically conflicting. Such being the case, we cannot disturb the finding of the trial judge to the effect that the last item of lumber was delivered August 20, and not before, although, judged from the record, the evidence seems to preponderate in favor of the defendant. Exhibit 5, although unsigned, was properly received in evidence, in connection with the evidence directly tending to show the actual delivery of the lumber as therein described. We hold that the findings of fact are sustained by the evidence.

The last claim urged is that the court erred in allowing the plaintiff $25 attorney's fees, because there was no proof that any attorney was employed. There was direct proof that the services in this action of the person appearing of record as attorney for plaintiff were worth a sum exceeding $25, but there was no direct proof that such person was in fact an attorney at law. The court, however, takes judicial notice of its own officers, and it was not necessary to prove that the person appearing in the action as an attorney was such in fact. The claim is emphatically without merit.

Order affirmed.