VICTOR M. WATKINS and Others v. CHARLES H. BIGELOW and Others.[1]

October 20, 1905.

Nos. 14,507—(132).

**Counsel Fees.**
> An allowance of $30,000 to certain of the counsel engaged in this action for services rendered by them therein considered in connection with the facts and circumstances disclosed by the record, and *held* excessive.

Appeal by defendant Amherst H. Wilder Charity, a corporation, from an order of the district court for Ramsey county, Bunn, J., fixing and allowing counsel fees of $30,000 to Charles E. Otis and Jared. How for services rendered in the action. Affirmed, on condition that: respondents consent to a reduction of their fees to $15,000.

*Stringer & Seymour,* for appellant.

*William D. Mitchell,* for respondents Otis and How.

BROWN, J.

This appeal involves the propriety of the allowance by the trial court of attorney's fees for services rendered in the case of Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104. That case involved the construction of the last wills of Amherst H. Wilder and Fanny S. Wilder, his widow, by which the "Amherst H. Wilder Charity" was founded. Several prominent attorneys were retained in the case in support of the wills, and the court below awarded them compensation as follows: Davis, Kellogg & Severance, $15,000; Charles N. Bell. $40,000; Charles E. Otis and Jared How, $30,000. No objection was made to the allowance to Davis, Kellogg & Severance. The allowance to Bell was by

---

[1] Reported in 104 N. W. 683.

him materially reduced, and a compromise effected, so that this appeal involves solely the propriety of the allowance of $30,000 to Judge Otis and Jared How.

The action was brought to obtain a judicial construction of the will of Mr. Wilder, and was in its origin a friendly one. Subsequent to its commencement, however, certain claimants appeared and applied for leave to intervene, contending that the will was invalid and that the property involved belonged to them as heirs of Mrs. Wilder, whose will, as they contended, was also invalid. Their application was made in due form to the court below, where it was denied, and their appeal to this court resulted in an affirmance of that order. 93 Minn. 210, 100 N. W. 1104. This ended the litigation. The services for which compensation was allowed were rendered in that action, and consisted in the main of preparation for an argument of the legal questions involved both in the district and this court. There was no extended trial in the court below. The controversy was determined from the standpoint of the pleadings. At the hearing before the court below in the matter of the allowance to the attorneys for their services, the record and proceedings in the action, together with the briefs and the arguments of counsel, were offered in evidence; also the testimony of leading members of the bar, by whom estimates of the value of such services were given. The hearing was had before the court before which the original action was heard, and upon the showing just mentioned the court made the order appealed from.

The point made by the respondents that the general rule that findings of a trial court will in all cases be sustained, unless clearly and palpably against the evidence, should be applied to this case, is not well taken. That rule has no particular application to a case of this kind. There are no facts in controversy to be settled and determined by specific findings. The employment of Judge Otis, and the fact that he associated with him Mr. How for reasons personal to himself, and the extent of the services rendered by them, were in no way disputed. The only controverted question presented to the court below was the value of their services. The findings of the trial court upon that question are not final, nor does the general rule guiding this court in reviewing findings of the trial court apply in its full force. In view of the fact that there are no controverted questions of fact, and as the

nature and character of the services rendered and the importance of the litigation are as familiar to this as to the court below, we regard the question in a large measure as an original one and determine it accordingly. Viewing the matter in this light, though we hesitate somewhat to interfere with the judgment of the learned trial court, the facts and circumstances disclosed by the record impel us to the conclusion that the allowance to Judge Otis and Mr. How is too large.

It is undoubtedly true that the question of allowance of counsel fees in matters of this character is a judicial one, resting largely in the sound discretion of the court to which it is presented. But, as remarked by Judge Brewer in Central Trust Co. v. Wabash, St. L. & P. Ry. Co. (C. C.) 32 Fed. 187, it is discretionary only in the sense that there are no fixed rules to determine the proper allowance, and is not discretionary in the sense that courts are at liberty to give anything more than a fair and reasonable compensation. The trust involved in this litigation was the greatest charity trust ever attempted to be created in this state, and should be preserved, guarded, and protected to the fullest extent, not only by those to whose hands its management is committed, but by the courts as well, whenever called upon or required to act. It is, indeed, under the protection of the law, and the court should be the last to take any action which might be criticised as opening the door to its dissipation. By this remark we have no reference to the order here under review, nor do we suggest that either the court below or the attorneys whose fees are involved intended to allow or to claim anything further than what was fair and just.

The entire litigation was under the control of Charles N. Bell, who drew the wills creating the trust, and he was retained as chief counsel. He associated with him the firm of Davis, Kellogg & Severance, and suggested to certain of the trustees that Judge Otis be retained to represent them. For reasons personal to himself, Judge Otis retained Mr. How, a member of the St. Paul bar, to assist him in the case, but pursuant to an understanding between himself and his clients that How's employment should not subject the trust estate to any greater charge for his services. Separate briefs and arguments were made by the different counsel; Mr. Kellogg acting for his firm, and Mr. How for Judge Otis. The questions discussed by each were the same and related to the validity of the trust created by the wills.

In determining the value of the services of each, the court very properly took into consideration the standing of counsel at the bar, the nature and extent of the services rendered by them, the importance of the questions in issue, and the amount of money involved. The allowance to the firm of Davis, Kellogg & Severance in the sum of $15,000 was regarded by all parties as fair and just, and in view of the fact that the employment of Mr. How was subject to the condition that no extra liability should be occasioned thereby we are unable to point out why Judge Otis should receive any greater sum, even though his right to compensation might, in a measure, have depended upon the successful termination of the litigation. It is not claimed that his services were of any greater value than those of Mr. Kellogg, and it seems clear that the allowance of $30,000 to him is beyond what we should approve. The large allowance to Mr. Bell covered services other than those rendered in this particular litigation, and is no criterion upon which to base an allowance to the other counsel. His claim was compromised by an arrangement with the trustees, and the greatly reduced sum was accepted in full payment for his services. We are conscious of the great service rendered the trust estate by all counsel employed, and that a fairly liberal allowance was properly made to them by the court below; but we are unable to break away from the conviction that no distinction should have been made between the allowance to the firm of Davis, Kellogg & Severance and to Judge Otis and Mr. How.

Our conclusion, therefore, is that the order appealed from, in so far as it allows $30,000 to Judge Otis and Mr. How, be reversed, and a new trial ordered, unless respondents consent to accept and receive the sum of $15,000 in full for services rendered by them; notice of acceptance to be filed with the clerk of the court below within ten days after the case is remitted. It is so ordered.