## JOHN A. ANDERSON v. WILLIAM H. DONAHUE and Others.[1]

December 29, 1911.

Nos. 17,402—(144).

**Mechanic's lien — evidence.**

In an action to foreclose a mechanic's lien the findings of fact are *held* sustained by the evidence.

**Attorneys' fees.**

The court may in such an action award attorneys' fees to the lien claimants. Schmoll v. Lucht, 106 Minn. 188, followed and applied.

**False receipt of claimant — evidence of owner's reliance thereon.**

One of the lien claimants issued and delivered to the contractor a receipt, showing a payment by him of the sum of $3,000 for material furnished, when in fact no such payment had been made. The lien claimant knew at the time the receipt was delivered to the contractor that it was to be presented to the owner of the building as evidence of the payment for such material, and the means by which the contractor intended to induce a payment to him. It is *held* that whether the owner of the building relied upon the receipt in making payment to the contractor, and was thereby misled to his prejudice, was an inference of fact from the evidence presented, and it was not necessary that the owner affirmatively so testify.

**Findings not sustained by evidence.**

The general findings of the court, though not specific upon the question whether the doctrine of estoppel applied to the case, nevertheless covered the question, and are *held*, as respects that issue, not sustained by the evidence.

Action in the district court for Ramsey county against William H. Donahue, Charles Anderson, St. Paul Sash, Door & Lumber Com-

---

[1] Reported in 133 N. W. 975.

pany, Scandinavian American National Bank, Henry J. Burrow and Mary Gillen to recover $373.78; to have the demand adjudged to be a mechanic's lien upon the premises; to determine the claims and liens of defendants, The St. Paul Sash, Door & Lumber Company, The Scandinavian American Bank, Henry J. Burrow and Mary Gillen, and to have the premises sold in the manner prescribed by law to satisfy claims against it. Mary Gillen, as assignee of three claimants, answered separately, and The St. Paul Sash, Door & Lumber Company, Henry J. Burrow and the Scandinavian American Bank also answered and claimed liens for different amounts.

The case was tried before Brill, J., who made findings and as conclusions of law found that plaintiff had a lien upon the premises for $353.78; defendant Burrow had a lien for $91; The Scandinavian American Bank had a lien for $1,250; and ordered that the premises be sold to satisfy the liens. From an order denying his motion for a new trial, defendant Donahue appealed. Affirmed as to plaintiff and as to defendant Burrow. Reversed as to defendant bank and remanded for a retrial of the issue of estoppel.

*John P. Kyle,* for appellant.

*Harold Harris,* for respondent Anderson.

*J. R. Blackwell* and *J. W. Pinch,* for respondent Burrow.

*James Schoonmaker,* for respondent Scandinavian-American Bank.

BROWN, J.

Action to foreclose a mechanic's lien, in which defendant Donahue, owner of the building, appealed from an order denying a new trial. The short facts are as follows:

In August, 1909, defendant Donahue entered into a contract with one Charles Anderson for the construction of a building upon land owned by Donahue; the contract price being $9,150. Anderson completed the building, but failed to pay for certain material and labor, and liens were duly perfected upon the property therefor. The court below, after trial without a jury, found the facts and ordered judgment in favor of plaintiff, John J. Anderson, who had a contract for plastering the building for the sum of $353.78, a judg-

ment in favor of defendant Burrow, who wired the building for electric lights, for the sum of $91, and a judgment in favor of defendant Scandinavian American Bank, assignee of defendant Sash & Door Company, for material furnished in the construction of the building, for the sum of $1,250. The court also allowed as attorney's fees for the prosecution of the action $50 to plaintiff, $25 to defendant Burrow, and $50 to defendant bank.

1. The first contention of appellant is that the liens were not perfected within the time allowed by law, and were therefore nullities. This contention is not sustained. The evidence made the question, as to each lien claimant, one of fact.

The claim is that the building was substantially completed some time in December, 1909, and that for the purpose of extending the time within which to file their liens the claimants returned to the building some time in January, 1910, and went through the form of completing unfinished work and delivering material, when in fact the work had all been fully completed and all material delivered in December. The evidence does not conclusively establish this claim. If at the time of supplying the additional material or labor, in January, the time to file a lien had expired as to any of the claimants, a strong suspicion might arise from the facts disclosed that the sole purpose of the claimants was to restore the expired right to perfect their liens. But the right then existed, and did not expire for a considerable time thereafter, and no reason is apparent for attributing to them a purpose of extending the time. The evidence did not require the court to so find.

2. Appellant also complains of the allowance of attorney's fees to the lien claimants. We think this question was disposed of adversely to appellant's contention in the case of Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555. It was there held that such an allowance was proper, and we follow and apply that decision.

3. Appellant also contends that the findings of the court to the effect that defendant bank, assignee of the Sash & Door Company, was entitled to a lien against the property for the sum of $1,250, are not sustained by the evidence. This question is based upon the claim that the Sash & Door Company is estopped by its conduct from as-

serting its claim, and that the assignee, defendant bank, has no greater right.

It appears that the Sash & Door Company furnished and supplied to the contractor a large quantity of material for the building, aggregating in value the sum of $3,729.50. Of this amount, all except $1,250 was paid by the contractor. A short time prior to the completion of the work the contractor, desirous of obtaining a payment from Donahue, the owner, applied to the Sash & Door Company for a receipt showing a payment to that company of the sum of $3,000, to be presented to Donahue in connection with a request for payment on the contract. The receipt was issued and delivered to the contractor, though no such payment had in fact been made, and the contractor used it for the purposes stated. Upon its presentation, Donahue paid the contractor $1,500, and later the further sum of $1,350. It is contended that the conduct of the Sash & Door Company in this respect misled Donahue, and that to permit the company, or its assignee, now to repudiate the receipt, would work an injustice; hence that the rule of estoppel applies.

We are led to the opinion, from an examination of the record, that this feature of the case did not receive the attention below its importance demanded, undoubtedly because it was confused with numerout details respecting other issues, and because not sufficiently pressed upon the attention of the court at the trial. This impression is confirmed from the fact that no specific findings upon the subject were made; the court having disposed of the case upon the general finding that the amount heretofore stated was due the company for material furnished. We conclude, therefore, that a new trial of the particular issue should be granted, to the end that the evidence may again be considered by the trial court.

It appears without dispute that the bookkeeper of the Sash & Door Company, who was authorized to receive money for the company and issue receipts therefor, deliberately gave this false receipt to the contractor, knowing that it was to be presented to Donahue in connection with the contractor's demand for payment under the contract. That it was so presented, and money obtained on the strength thereof, also appears. While Donahue did not in so many words testify that

he relied upon the receipt as evidencing a payment by the contractor, the fact that he did rely thereon is fairly inferable from the situation of the parties and the other evidence in the case.

He testified that the contractor represented, when he presented the receipt, that he had in fact paid the money, and he further testified that, a day or two prior to the day on which the receipt was presented to him, he called up the office of the company and inquired the status of the contractor's account, and was informed "that it is nearly paid up." This conversation was had with the manager of the company, and while he denied on the stand that he informed Donahue that the contractor's account was "nearly paid up," he admitted that he did say that the contractor was all right, and that his standing was good. That Donahue relied upon the receipt as evidencing the fact of payment by the contractor, and was thereby misled to his prejudice, are inferences arising from the evidence, and it was not necessary that he affirmatively so testify. The case comes within the rule that, where representations are made by a party who is presumed to know their truth, reliance thereon will be presumed. Smith, Fraud, 82; Redgrave v. Hurd, 20 Ch. D. 1; Hicks v. Stevens, 121 Ill. 186, 11 N. E. 241.

On this evidence, if true, and unexplained, unless it be shown that Donahue did not in fact rely upon the receipt, it seems clear that it would be inequitable and unjust to permit the Sash & Door Company, or its assignee, to enforce the claim against the property. The contractor was indebted to the company, and the amount thereof was a lienable claim against Donahue's property, and, had he known thereof, undoubtedly no payment would have been made to the contractor without requiring the application thereof upon that claim, thus protecting him from possible double liability. Yet, with this indebtedness existing and unpaid, the company issues a receipt therefor, knowing that it was going to be used as evidence that the debt had been paid, and in an effort to defraud Donahue. It does not materially change the situation that the contractor gave his promissory notes to the Sash & Door Company at the time the receipt was given, for no such information appears to have been communicated to Donahue when he was shown the receipt, and upon which he

acted in paying the contractor. The notes did not pay or extinguish the debt, and, if not estopped by the fact stated, defendant Donahue must pay the same a second time.

We are not to be understood as attempting to determine the question. Our conclusion simply is that, since the question seems not to have been fully presented below, there should be a new trial.

4. While specific findings should have been made, and though defendant might well have applied therefor, the general findings dispose of the question and the assignments of error present it to this court.

It is therefore ordered that the order appealed from be affirmed as to the plaintiff and as to the defendant Burrow, and reversed as to defendant bank, and the cause remanded for a retrial of the issue of estoppel.