# WILLIAM F. BEHRENS v. EDNA D. KRUSE.[1]

March 7, 1913.

Nos. 17,947—(230).

**Mechanic's lien — bill of items.**

    1. The trial court's denial of the defendant's motion, in an action to foreclose a mechanic's lien and for personal judgment, to strike out the complaint and to disallow the lien, on the ground that there was no original bill of items attached thereto as required by R. L. 1905, § 3516, and that the plaintiff's additional and supplemental bill of items did not comply with this statute, sustained.

**Allowance of costs — statute valid.**

    2. Under R. L. 1905, § 3517, the court, in an action to foreclose a mechanic's lien, may allow costs and disbursements, including an attorney's fee, to a prevailing lienholder; and this statute is constitutional.

**Examination of evidence to sustain trial court.**

    3. This court is not required to discuss the evidence involved in the determination of questions of fact by the trial court for the purpose of demonstrating the correctness of such court's conclusions.

**Estoppel of plaintiff.**

    4. The defendant, having by her pleadings and her attitude on the trial denied liability upon an express contract between the plaintiff and her husband for the improvement of her realty, *held*, under the facts of the case, precluded from urging the existence of the express contract as a reason why she should not be held upon an implied one.

**Decision sustained by evidence.**

    5. Evidence in an action to foreclose a mechanic's lien and for a personal judgment considered, and *held* sufficient to sustain the conclusion of the trial court that the defendant's property was subject to the lien, and that she was personally liable as upon an implied contract.

Action in the district court for Hennepin county to obtain judgment against defendant Edna D. Kruse for $3,688, and to foreclose a mechanic's lien for that amount. The substance of the complaint

[1] Reported in 140 N. W. 339.

and of the separate answer of Mrs. Kruse will be found at the beginning of the opinion. The case was tried before Steele, J., who denied defendant's motions to strike out the complaint and to disallow plaintiff's claim of lien. The court made findings of fact and ordered judgment in favor of plaintiff. From an order denying the motions of defendant for amended findings, additional findings and for a new trial, she appealed. Affirmed.

*Henry E. Barnes* and *Frank W. Booth,* for appellant.

*A. B. Jackson,* for respondent.

PHILIP E. BROWN, J.

At the time of the erection of the Radisson Hotel and Annex in Minneapolis the appellant Mrs. Edna D. Kruse owned the property. The plaintiff in the present action seeks to obtain a personal judgment against her for the reasonable value of services and materials claimed to have been furnished her by him in the erection and improvement of her building and for the costs of the action, including a reasonable attorney's fee, and to have a lien adjudged and foreclosed against the realty for both. To that end Mrs. Kruse's husband, Simon Kruse, was joined as a party defendant, with others, but no relief except a foreclosure was sought against him.

The complaint is in the usual form in use in such actions in cases where the right to recover a personal judgment against the owner of the realty is based upon the supplying of labor and materials by the plaintiff to such owner under an implied contract, without the interposition of a third person as contractor or subcontractor. The items charged for in the complaint consist of decorations, paintings, fittings, etc., affixed to the walls of the hotel and annex, of the alleged value of $3,796.72, and for the value of the labor furnished in decorating the building in the sum of $6,894.56. A further item for tiling was claimed in the sum of $2,318.83, but it was conceded on the trial that the latter had been paid. The balance alleged to be due the plaintiff from the appellant under the transactions mentioned is stated as $3,-688. The complaint also alleges the due making and filing of a lien statement, a copy being made a part thereof, and that a writing attached thereto denominated "Bill of Particulars," and verified by one

Disney as plaintiff's agent claiming to have knowledge thereof, was a duly verified bill of particulars of the items comprising the plaintiff's claim of lien.

Mrs. Kruse answered separately, her answer, as amended, admitting her ownership of the real estate, denying that the plaintiff furnished to her the items sued for, and alleging that the defendant Simon Kruse accepted a proposal made by the plaintiff to furnish the labor and material in and about the decoration of the building and annex, and "that she at no time entered into any contractual relation with the said plaintiff, and the said plaintiff at no time furnished any labor or material at the request or direction of this defendant, but that all labor and material furnished by the plaintiff for the purpose aforesaid was so furnished by him in pursuance to the terms and requirements of said proposal, and the acceptance thereof, as aforesaid;" that payment in full had been made, and that there was nothing due the plaintiff from the defendant Simon Kruse at the time of the bringing of the action; and, further, that under the terms of the contract between the plaintiff and Simon Kruse the installation was to be satisfactory to him, in which condition the plaintiff defaulted, in consequence whereof the defendant Simon Kruse refused to accept the same, and this defendant has refused to accept the said installation because the same was unfit and improper and of no value to her, and that the value of the premises has been in no wise improved or enhanced "by reason of certain of the installations furnished by the plaintiff, and in particular this defendant states that the installation of mural paintings and wall decorations in that certain room in said hotel building, commonly known as the Viking room, is not adapted to said room, and not in keeping with the period of time typified by the decoration and construction of said room;  *  *  *  that certain of the papering and decorative work installed by the plaintiff in the rooms and corridors of said building were and are unsatisfactory to this defendant by reason of inferior workmanship," etc., "and said installation is of no value to this defendant; that the price charged by the plaintiff for the material furnished and work so installed by him in the rooms and corridors of said building, together with the Viking room, is exorbitant and ex-

cessive, and in excess of the usual and customary market prices prevailing in Minneapolis at the time of such installation." Further answering, the defendant denied that the plaintiff was entitled to any relief, alleged that the plaintiff did not substantially perform his contract with the defendant Simon, and that there have been various defaults therein, to the extent in value of $2,000, which sum she sought to offset against any money found by the court to be due to the plaintiff, which claim of offset, however, was withdrawn during the trial.

The defendant Simon Kruse also filed an answer practically identical with that of the appellant, but during the trial application was made by him for leave to withdraw his answer, the record, however, disclosing no ruling thereon. It also appears that at the commencement of the trial the plaintiff, by leave of court, interposed an amended and supplemental bill of items of labor and material involved in the suit.

Upon the opening of the trial, which was to the court without a jury, the defendant moved that the complaint be stricken out, and that the plaintiff's claim of lien be disallowed on the ground that there was no original bill of particulars attached to the complaint, and "that the second subdivision of the document on file, purporting to be an amended and supplemental bill of items, be stricken out upon the ground that it is not a bill of particulars, a bill of the items of the claims counted upon in the third cause of action of the complaint, and that is for labor." The court severally denied both of these motions, and exceptions were duly taken. The court thereafter found in substance: That the plaintiff did, with the knowledge, approval, and consent of the defendant Edna, and at her instance and request, contribute to the improvement of her said real estate by performing labor and furnishing skill and labor and material for the erection and repair of her building, of the value of $13,010.11, the various items making up this amount being stated, and that on this amount no more than $9,322 had been paid, and ordered a lien on the property for the difference, plus an allowance of $250 as attorney's fees, and likewise ordered a personal judgment against the appellant for the same amount.

Thereafter the appellant moved to amend these findings and for additional findings, and also for a new trial. The court granted the motion to amend the findings in one particular only, not here material, denied the other applications for amended and additional findings, and refused to grant a new trial. Whereupon this appeal was taken.

1. The appellant argues that the court erred in denying her motion, made at the beginning of the trial, to strike out the complaint and to disallow the plaintiff's claim of lien, on the ground that there was no original bill of items attached thereto, and also because the paper attached to the complaint and called a bill of items did not comply with R. L. 1905, § 3516. This section reads:

"Each lienholder shall attach to and file with his complaint or answer a bill of the items of his claim, verified by the oath of some person having knowledge thereof, and shall file such further and more particular account, as the court may at any time direct. Upon his failure to file such original or further bill, his pleading shall be stricken out and his claim disallowed."

There is a striking analogy between this section and section 4151, relating to the delivery on demand of a copy of an account sued upon in an action on an account; and it would seem that the purpose of both sections is the same, namely, to advise the adverse party of the details of the demand. Consequently the decisions of this court under the latter section should be deemed pertinent in considering the meaning and effect of the former, and also upon questions of practice thereunder.

The original bill of items in this case is very meager, but we are not prepared to hold it nugatory, so as to require the court to strike out the pleading. It is true that the evidence discloses that the plaintiff's agent who verified this bill had little personal knowledge of the facts therein stated, the verification having been made upon information received from his principal, and that the appellant objected particularly on this account; but this did not necessarily render the verification insufficient. See Krengel v. Haslam, 118 Minn. 506, 137 N. W. 11. Furthermore, the amended bill was verified by the plaintiff himself, and we cannot say that it militates against such bill

that it differed from the original—it being of the very nature of things that there should be a difference—and that it was not verified until long after the time for the filing of a lien had expired. Taking into account the analogy mentioned, the authorities construing section 4151 sustain our conclusion on the point, and will be found in 2 Dunnell, Minn. Dig. § 7645; and see particularly Davis v. Johnson, 96 Minn. 130, 104 N. W. 766; Minneapolis Envelope Co. v. Vanstrom, 51 Minn. 512, 53 N. W. 768.

2. R. L. 1905, § 3517, attempts in terms to authorize the court to allow costs and disbursements, the amount to be fixed by it, to a prevailing lienholder, and this court, in Schmoll v. Lucht, 106 Minn. 188, 191, 118 N. W. 555, held that this provision authorizes the allowance of attorney's fees, which case was followed in Anderson v. Donahue, 116 Minn. 380, 133 N. W. 975, and Lindquist v. Young, 119 Minn. 219, 138 N. W. 28. See, also, Cameron v. Chicago, M. & St. P. Ry. Co. 63 Minn. 384, 65 N. W. 652, 31 L.R.A. 553; Pfaender v. Chicago & N. W. Ry. Co. 86 Minn. 218, 90 N. W. 393; Lamb Lumber Co. v. Benson, 90 Minn. 403, 97 N. W. 143. Notwithstanding these authorities, however, the appellant contends that such allowance is not authorized by any fair construction of the statute, and, further, that the allowance contravenes Const. art. 4, § 33, and that the statute if construed as authorizing this allowance would constitute special legislation, would contravene Const. art. 4, § 34, and Amend. 14, § 1, (Const. U. S.) in that it would deny the appellant the equal protection of the laws, and Const. art. 1, § 2. This contention is elaborately argued in the appellant's brief; but we are satisfied with our decision cited (See Lindquist v. Young, supra), and, under the doctrine of stare decisis, we decline to reopen the question. That we by no means stand alone in this position, see the cases collated in the note to Farmers' & Merchants' Ins. Co. v. Dobney (U. S.) 47 L. ed. 821.

3. We are confronted in this case with more than 1,000 pages of printed matter. We think, however, that the questions not already disposed of may be resolved into a single one, namely: Are the findings of the trial court so clearly and palpably against the weight of the evidence that we should, under the established rules of procedure

in this regard, overturn any or all of them? This question, in turn, presents the following elements:

1. Did the plaintiff furnish the items claimed for the appellant's building?

2. If so, were they supplied to her under an implied contract with her?

3. If so, was the value thereof and the amount unpaid thereon correctly determined?

We are not required to discuss the evidence involved in the determination of the questions of fact by the trial court for the purpose of demonstrating the correctness of such court's decision. Watkins v. Bigelow, 96 Minn. 53, 104 N. W. 683. See, also, other recent decisions of this court. This rule is, we think, manifestly applicable to this case, and we will enter into such a discussion only to such extent as may seem necessary clearly to present our conclusion. Accordingly, we will say, without more, that the court's finding that the several items charged for were furnished for the appellant's building cannot be disturbed.

Next, though not in the order above stated we will consider the appellant's contention that the evidence of value was wholly insufficient to warrant the court's determination thereof. It must be noted in this connection that the defendant offered no evidence on this question, and, while the proofs in the plaintiff's behalf are not altogether satisfactory, we cannot say that the court was manifestly and palpably in error; and these observations are equally applicable to the question of the payments made to the plaintiff. In this connection we have considered, also, the evidence upon the defendant's point that the court misunderstood it and made double allowances, together with her claim that the court, in any event, was wrong in his determination concerning an item $424.32, and have concluded that the court's finding must be sustained.

But the appellant contends that all items charged for by the plaintiff were furnished pursuant to a contract between the plaintiff and the appellant's husband; that, if any personal or other liability for them was incurred by any one, he was the responsible party; that in no event could she or her property be held liable; and that the court

erred in not finding in accordance with her contentions. For the purposes of discussion we will assume, as claimed by the appellant, that, before the plaintiff performed any labor or furnished any material, he and the appellant's husband entered into a contract by which the appellant was not bound for the furnishing of at least a large number of the items for which a recovery is now sought against the appellant; but it appears that this contract was signed by the plaintiff in her presence, that she was fully aware of its contents, and likewise thereafter knew that he was adding improvements to her building. It further appears that she frequently observed him at work, consulted with him with reference thereto, and assisted in superintending, and that certain items furnished were paid for with her husband's checks drawn upon her bank account; and no claim is made that the husband was either her contractor or a subcontractor, or that he intended to make her a gift of these installations. It is true that there is evidence tending to show that he put some money into the building; but it appears that he had no legal interest in the realty, and, as stated in the appellant's brief, that "he executed the plaintiff's contract in his own name for the reason that plaintiff made the proposal to Simon Kruse and negotiated with him and for the reason that Simon Kruse executed the majority of the contracts in connection with the construction," and "that as he had active charge of all matters pertaining to construction, payments, and adjustments that it was necessary that he contract direct." This explanation of the husband's connection with the construction of the building was made in relation to her contention that "he had invested in the hotel building and was a joint owner therein, though not of record," and that it was as such joint owner that he made the contract with the plaintiff; but, while we are not prepared to say that the plaintiff could not have made a contract, of the kind here alleged, with one having an equitable interest in the building or even with an entire stranger, and have so relied upon the credit of the other contracting party that he could not hold the appellant and her property liable on account of her acquiescence in the doing of the work we here take occasion to say, at the expense of logical order, that no such case is presented by this record.

121 M.—7.

That the appellant might, in a proper case, be held personally liable and her realty be subjected to a lien for labor and material furnished her under an implied contract, is elementary; and as in her answer she denies unequivocally that she, at any time, entered into any contractual relation with the plaintiff, which, in effect, repudiates, so far as she is concerned, any power on the part of her husband to bind her by contract, we think that she, having assumed this position, should not be allowed to urge the existence of the express contract as a reason why she should not be held upon an implied one, provided, of course, that the evidence discloses the latter. No principle is better settled than that litigants cannot be permitted either to assume inconsistent positions during the progress of litigation or to shift their claims or the facts at their pleasure. This is especially true if such would result to the prejudice of the party who has acquiesced in the position formerly taken. Tozer v. Ocean Accident & Guaranty Corp. 94 Minn. 478, 484, 485, 103 N. W. 509. This is merely an application of the doctrine of estoppel.

Now, in the present case, the appellant owned the realty, the plaintiff's work was done thereon and enhanced its value, and the plaintiff might have sought to hold her liable on the contract made with her husband as upon one made with an undisclosed principal, at least as to the items furnished pursuant to such contract. See Popp v. Connery, 138 Mich. 84, 101 N. W. 54, 110 Am. St. 304. Or, as he has done here, he could assume, as she has expressly done, that the husband had no right to bind her, and proceed accordingly. She cannot now, therefore, claim otherwise. The court was right in declining to go into the question of whether she was bound by the express contract, if such existed, and she cannot complain that she has been taken at her word.

We cannot say that the court was not warranted, under the evidence, in concluding that the appellant's property was subject to a lien, and that she was personally liable as upon an implied contract; and hence discrepancies, if any, between the proofs and the findings are of no consequence. In this connection, see Popp v. Connery, supra, where a wife was held liable upon a contract made by her husband under circumstances closely analogous to those of this case.

This court has frequently applied both the letter and the spirit of the legislation enlarging the rights of married women and making them practically sole so far as respects their property, but we cannot allow such to be used so as to permit them to avoid liability for improvements which add to the value thereof, when made with their knowledge and consent under such circumstances as here disclosed. "A court of equity," said Mr. Justice Cole, in Miller v. Hollingsworth, 36 Iowa, 163, 165, "will see to it that while the wife in her condition of almost complete property enfranchisement, under our statutes, shall not, under color of a common-law technical rule, appropriate the property of another to her own use without compensation for it, yet it will also see to it that an improvident husband shall not incumber her estate without her knowledge, nor an imperious one incumber it without her full acquiescence. Thus guarded and administered, the rule, as here applied, will prevent the wife, under her greatly enlarged property rights, from perpetrating a legal fraud upon others, while it will also protect her from being the victim of such fraud."

Order affirmed.