# H. F. GARBISCH AND ANOTHER v. AMERICAN RAILWAY EXPRESS COMPANY.[1]

May 24, 1929.

No. 27,217.

[1]Reported in 225 N. W. 432.

*Sasse, French & Dunnette,* for appellant.
*Catherwood, Hughes & Alderson,* for respondents.

DIBELL, J.

Action to recover damages for the negligent loss of chicks shipped by the plaintiffs and transported by the defendant express company. There was a verdict for the plaintiffs for $639.08. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

The complaint alleges 34 causes of action. The ones numbered 31 to 34, inclusive, were dismissed at the trial.

The plaintiffs seek to establish their various causes of action, so far as concerns the fact and extent of loss in the course of shipment, by documentary evidence. The questions presented on appeal relate to the sufficiency of the foundation for such evidence and its competency and probative effect.

■ The defendant asks judgment notwithstanding the verdict. Judgment notwithstanding will not be directed where it appears probable that defects in proof can be supplied on a new trial. A few of the causes of action are not sufficiently proved. It is reasonably probable that the result arises from a defect of proof which

may be supplied on another trial. The defendant is not entitled to judgment notwithstanding on any of them. 3 Dunnell, Minn. Dig. (2 ed.) § 5082.

■ Whether a sufficient foundation is laid for the introduction of written documents and memoranda is very largely within the discretion of the trial court. L. Lamb Lbr. Co. v. Benson, 90 Minn. 403, 97 N. W. 143; Swedish-Am. Nat. Bank v. C. B. & Q. Ry. Co. 96 Minn. 436, 105 N. W. 69; DiVita v. Payne, 149 Minn. 405, 184 N. W. 184; 2 Dunnell, Minn. Dig. (2 ed.) § 3346.

■ The plaintiffs offered, taking the proof of one cause of action as typical of others, a receipt of the express company at Austin where the shipment originated. This receipt gave the date of the shipment, the destination, the name of the consignee, the declared value, the weight, the waybill number, and a description of the property shipped stating the number of bundles of chicks. In connection therewith they produced a purported receipt of the express company at the point of destination, issued to the consignee upon payment of the express charges, showing the date when received, the declared value, weight, date of shipment, waybill number, and the name and address of the consignor. The form was a printed one stating that it was a "receipt for charges collected from consignee." The information given in the shipping receipt issued at Austin and in the receipt delivered to the consignee at the point of destination corresponded. The consignee's receipt contained a memorandum on its face showing the number of dead chicks or the equivalent. Presumably the receipt went to the consignee in due course of business for he paid the express charges. The plaintiffs received the receipt from the consignee by mail. The writing indicating the loss or condition of the shipment harmonized with the rest of the receipt. If written in ink, or with indelible pencil, or in typewriting, all the writing on the receipt was the same; at least the jury could so find.

The receipt was receivable in proof of the loss of chicks. It was not a memorandum of third parties. It represented a part of the record of a carriage by the express company from Austin to the place of destination and the delivery to the consignee. The con-

dition of the shipment was within the knowledge of the express agent. He was the representative of the express company. He had no motive to falsify against it. It may be said fairly that he was authorized to do what he did. There are a sufficient number of receipts in evidence to indicate that it was the custom to note upon them the condition of the shipment and the loss in number of the chicks. There was nothing suspicious about the notations. The shipping receipt and the consignee's receipt, with the notations, apparently gave a fair account of a business transaction between the parties. The notations accompanied the receipt of the money which the consignee paid. The law takes notice of business methods, and under present conditions such evidence should be received. See L. Lamb Lbr. Co. v. Benson, 90 Minn. 403, 97 N. W. 143; DiVita v. Payne, 149 Minn. 405, 184 N. W. 184; Tiedt v. Larson, 174 Minn. 558, 219 N. W. 905; 3 Wigmore, Ev. (2 ed.) § 1530; 2 Dunnell, Minn. Dig. (2 ed.) § 3346.

■ One shipment was made c. o. d. A letter purporting to come from the express agent at the point of destination to the plaintiffs at Austin stated the loss of chicks. This letter was admissible. It was on the letterhead of the express company and sent in a company envelope. It was written the day after the shipment. The c. o. d. shipment intended a collection and remittance of the proceeds to the shippers. The letter stated that there were "no returns," and that all of the chicks except four or five were dead. The shipping receipt and the letter evidenced a business transaction between the parties properly provable by the two writings. The admission of the letter in evidence may be sustained upon the ground stated in the preceding paragraph and further upon the principle that an answer to a letter is admissible, for the c. o. d. shipment invited a response. See Lundgren v. Union Ind. Co. 171 Minn. 122, 213 N. W. 553, 52 A. L. R. 580, and cases cited.

■ The first 25 causes of action relate to shipments made on April 18, 1927. On that day 23,000 chicks were shipped and a loss of about 6,000 is claimed.

Negligence is alleged in the care of the chicks through negligent handling and submitting them to extremes of temperature and

negligently piling the boxes so that they did not get sufficient air. They were a day old. The plaintiffs assumed the burden of showing that the defendant was negligent. The evidence sustains a finding of negligence. The day was unusually warm for the time of year and sultry and depressing. The jury could find that the chicks were carelessly exposed to heat·on the railway platform at Austin; that when put inside the depot there was not sufficient ventilation; and that the boxes were so piled that they did not afford proper ventilation. The defendant offered evidence from which the jury could find that the chicks when put in the boxes by the plaintiffs were not in condition for shipment, or not properly arranged, and that the fault was that of the plaintiffs; but the jury chose to put the blame on the defendant, and the evidence sustains its finding of negligence.

■ There is no evidence as to negligence in the shipments covered by causes of action 26 to 30, inclusive. · These shipments were on dates other than April 18. There is no evidence as to the condition of the chicks when delivered to the express company or as to how they were packed in the shipping boxes. The plaintiffs cannot invoke the rule that negligence will be presumed when articles are delivered to the carrier in good condition and received at destination in bad condition for there is no evidence of condition at the time of delivery. 1 Dunnell, Minn. Dig. (2 ed.) § 1360.

The verdict should not be disturbed so far as it embodies a recovery on causes of action numbered 1 to 25, inclusive. It is likely that a few of these causes of action, where the consignee's receipt was not produced but a copy of the agent's report was offered, were not properly proved. The assignments do not cover the defects which could have been obviated readily.

In stating their claim of loss before suit the plaintiffs' letters to the defendant, in a few instances, made mention of the amount of the loss on individual shipments. It was not intended in receiving these letters at the trial to give evidence of loss, and such could hardly have been the understanding. If it were thought that the letters were prejudicial or that they might mislead, a request

to the court would have resulted in their exclusion as evidence of loss.

The evidence does not sustain a recovery upon the causes of action numbered 26 to 30, inclusive. There should not be a new trial on the first 25 causes of action. The verdict is for the amount asked plus a few dollars, and there is no difficulty in apportioning it. The verdict should stand for the amount claimed in the first 25 causes of action and await the result of a trial of causes 26 to 30, inclusive, when judgment can be rendered for the amount applicable to the first 25 causes of action and for an additional amount if there should be a recovery on the latter causes; or the plaintiffs, if they choose, may forego their claim of a right to recover on causes 26 to 30 and take judgment for the amount of the verdict applicable to causes 1 to 25, inclusive. The order stands affirmed on condition that the plaintiffs within ten days after the going down of the remittitur elect to take a recovery upon the first 25 causes of action; and in that event the verdict as reduced may stand; and if the plaintiffs do not so elect there may be a trial of causes of action 26 to 30, inclusive.

Affirmed on condition.